[Cite as *State v. Keirns*, 2024-Ohio-3177.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RANDALL WAYNE KEIRNS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0053**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2021 CR 427

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Donald K. Pond*, for Defendant-Appellant.

Dated: August 20, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Randall Wayne Keirns, appeals from a Columbiana County Court of Common Pleas judgment convicting him of compelling prostitution and possessing criminal tools following a jury trial, and the sentence that followed. Appellant now contends that his counsel did not advocate for him at his sentencing hearing and consequently he was deprived of effective assistance of counsel. Because Appellant's counsel was not ineffective, the trial court's judgment is affirmed.

{¶2} On July 1, 2021, East Palestine Police Detective and member of the Mahoning Valley Human Trafficking Task Force, Daniel Haueter, posted an advertisement on a prostitution website. Det. Haueter used the pseudonym "Bekka" and portrayed himself as a 16-year-old girl. This was done as part of an undercover operation to curtail prostitution involving minors.

{¶3} Appellant responded to "Bekka's" post via text message. Appellant and "Bekka" engaged in a series of text messages over the course of July 1 and 2, 2021. They arranged to meet for sex at a location in East Palestine. Appellant agreed to pay "Bekka" $180. He also told her he would bring beer and condoms. He stated he would be driving a Dodge RAM pickup truck. When Appellant arrived at the agreed-upon location in a Dodge RAM pickup truck, task force members placed him under arrest. In his truck, the task force found beer, condoms, cash, and the cell phone from which the messages to "Bekka" were sent.

{¶4} On September 15, 2021, a Columbiana County Grand Jury indicted Appellant on one count of compelling prostitution, a third-degree felony in violation of R.C. 2907.21(A)(2)(b); one count of engaging in prostitution, a first-degree misdemeanor in violation of R.C. 2907.231(B); and one count of possessing criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A). On the motion of Plaintiff-Appellee, the State of Ohio, the trial court later dismissed the engaging in prostitution count.

{¶5} The matter proceeded to a jury trial on the remaining two counts on November 15, 2023. The jury found Appellant guilty as charged. At the conclusion of the trial, the court asked both parties if they were prepared to proceed to sentencing. Both Appellant and the State agreed that they were ready to go forward with sentencing.

Case No. 23 CO 0053

**{¶6}** The trial court sentenced Appellant to 36 months for compelling prostitution and 12 months for possessing criminal tools. The court ordered Appellant to serve his sentences concurrently for a total sentence of 36 months in prison. The court also designated Appellant as a Tier II Sex Offender.

**{¶7}** Appellant filed a timely notice of appeal on December 5, 2023. He now raises a single assignment of error.

**{¶8}** Appellant's sole assignment of error states:

DEFENSE COUNSEL CONDUCTED LIMITED ADVOCACY AT SENTENCING. THUS, DEFENDANT-APPELLANT RANDALL KEIRNS SUFFERED A DEPRIVATION OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING, CONTRARY TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶9}** Appellant argues his counsel was ineffective for making a minimal effort on his behalf at sentencing.

**{¶10}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. *Id*. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley*, at paragraph three of the syllabus.

**{¶11}** Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In Ohio, a licensed attorney is presumed competent. *Id*.

**{¶12}** Appellant claims his counsel was ineffective in four ways.

**{¶13}** First, Appellant contends his counsel should not have agreed to proceed immediately to sentencing following the trial. He claims the evidence against him was so

overwhelming and his denial was so misguided that he needed time to consider the implication of his conviction before he spoke to the court in allocution.

{¶14} After the jury was dismissed, the trial court asked the prosecutor and defense counsel if they were ready to go forward with sentencing. (Tr. 347). Both agreed that they were ready to proceed. (Tr. 347).

{¶15} There is nothing in the record to suggest that had the trial court sentenced Appellant at a later date, his sentence would have been different. The burden here is on Appellant to prove prejudice.

{¶16} Second, Appellant claims counsel failed to prepare and advise him of what to say in allocution.

{¶17} Again, the burden here is on Appellant. The record reflects that Appellant had been through multiple attorneys in this case and attempted to represent himself at one point. Nothing in the record proves that his counsel did not prepare him for the possibility of sentencing and allocution. And there is no reason to believe that Appellant would have disclosed to his counsel that he intended to tell the court this case was a "witch hunt" and then his counsel could have advised him not to do so.

{¶18} Third, Appellant asserts his counsel failed to explain to the court Appellant's personal circumstances in relation to the seriousness and recidivism factors.

{¶19} In advocating for Appellant, defense counsel first emphasized that Appellant had no prior criminal record. (Tr. 349). Counsel then brought up the fact that Appellant had been a "hard-working" civil engineer. (Tr. 349). She noted that Appellant was not able to renew his professional license due to the allegations against him, which resulted in his unemployment. (Tr. 350). Counsel asked the court to consider imposing community control for Appellant. (Tr. 350). And counsel asked, if the court was not inclined to impose community control, for the court to impose a sentence at the lower end of the sentencing range for nine months. (Tr. 350). Thus, counsel did advocate on Appellant's behalf for a lesser sentence calling to the court's attention Appellant's personal circumstances. Moreover, there is no evidence on the record of any other personal circumstances that may have been favorable to Appellant. It is quite possible the circumstances set out by counsel were the only favorable items she had to work with.

**{¶20}** Finally, Appellant argues counsel should have conveyed to the court Appellant's knowledge of the wrongfulness of his actions.

**{¶21}** The court asked Appellant if he would like to make a statement. (Tr. 350). Appellant asked, "Right now?" (Tr. 350). He spoke to the court about how he has served his community through his profession as a civil engineer. (Tr. 351). Appellant then stated that he was the target of a "witch hunt" in this case, which he did not deserve. (Tr. 351).

**{¶22}** Appellant now argues his counsel should have conveyed his knowledge of the wrongfulness of his actions to the court. But Appellant offered no remorse or accountability for his actions. At trial, Appellant took the stand and testified repeatedly that the incriminating text messages sent from his phone were "manufactured" and he did not send them. (Tr. 278, 284-291). He claimed he thought he was meeting a woman for a date. (Tr. 274, 293). Throughout the case, Appellant claimed that he was set up for these charges. Thus, it would be insincere at best for counsel to claim that Appellant was taking responsibility for his actions and demonstrating remorse.

**{¶23}** Proof of ineffective assistance of counsel must contain more than vague speculations of prejudice. *State v. Watkins*, 2008-Ohio-6634, ¶ 55 (7th Dist.), citing *State v. Otte*, 1996-Ohio-108. Strategic decisions by counsel regarding mitigation at sentencing do not demonstrate deficient performance where nothing in the record shows the presentation of other evidence would have assisted. *State v. Johnson*, 2020-Ohio-7025, ¶ 36 (7th Dist.), citing *State v. Bryan*, 2004-Ohio-971, ¶ 189.

**{¶24}** The burden here is on Appellant. He cannot show his counsel's performance fell below an objective standard of reasonable representation. Moreover, there is no indication whatsoever that had his counsel proceeded differently at sentencing, his sentence would have been different. Therefore, Appellant cannot demonstrate that he suffered from ineffective assistance of counsel.

**{¶25}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Dickey, J., concurs.

Case No. 23 CO 0053

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**